IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| OMER COVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-2571-STA-dkv |
| | ) | |
| MIKE BERK and AUSLANDER CORP. | ) | |
| d/b/a AUSCOR TRANSPORTATION | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MIKE BERK, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| OMER COVIC, | ) | |
| | ) | |
| Counter-Defendant. | ) | Consolidated with |
| | ) | |
| EWELINA GRABOWSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 12-2244-STA-dkv |
| | ) | |
| OMER COVIC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING COUNTER-DEFENDANT OMER COVIC'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff/Counter-Defendant Omer Covic ("Covic")'s Motion for Summary Judgment (D.E. # 58) filed on March 27, 2013 in civil case no. 11-2571. Covic filed an

1

identical Motion for Summary Judgment (D.E. # 19) on the same date in civil case no. 12-2244 in which Covic is the Defendant. Counter-Plaintiff Mike Berk ("Berk") has filed a response in opposition (D.E. # 61, no. 11-2571; D.E. # 22, no. 12-2244) to Covic's Motion for Summary Judgment and joined Plaintiff Ewelina Grabowska's separate response in opposition to Covic's Motion for Summary Judgment.[1] Covic has not filed a reply brief but has responded to Berk's statement of additional facts (D.E. # 63, no. 11-2571; D.E. # 23, no. 12-2244). For the reasons set forth below, Covic's Motions for Summary Judgment are **DENIED**.

## BACKGROUND

The following material facts are not in dispute for purposes of summary judgment unless otherwise noted. This case arises out of a rear-end collision between two tractor-trailers which occurred in the early morning hours of March 29, 2011. (Covic's Statement of Undisputed Facts ¶ 1.) In the minutes prior to and immediately preceding the collision, Covic was driving his tractor-trailer in the far right, east-bound lane of Interstate 40 in Fayette County, Tennessee. (*Id.* ¶ 2.) Immediately preceding the collision, Berk was driving his tractor-trailer behind Covic's tractor-trailer on Interstate 40. (*Id.* ¶ 3.) Berk's tractor-trailer rear-ended Covic's tractor-trailer. (*Id.* ¶ 4.)

Berk alleges that Covic negligently caused the collision as he failed to use reasonable care and caution while operating his vehicle, failed to maintain a proper lookout for other vehicles, failed to devote time and attention to the operation of his vehicle, failed to bring and/or keep his vehicle above the minimum speed limit, and failed to properly illuminate his vehicle to warn other motorists of his presence. (*Id.* ¶ 5.) Berk adds that he has also alleged that Covic violated Tenn. Code Ann.

---

[1] Grabowska filed the response on the incorrect docket (D.E. # 62, no. 11-2571). For the sake of clarity, the Court will refer to the non-moving parties, Berk and Grabowska, collectively as "Berk."

§55-8-105, which is titled "Minimum Speed Regulations" and provides that "[n]o person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." (Berk's Resp. to Covic's Statement of Undisputed Fact ¶ 5.)

The collision occurred on a straight and nearly level stretch of Interstate 40. (Covic's Statement of Undisputed Fact ¶ 6.) At the time of the collision, the weather was cloudy, the road was wet, and it was dark outside. (*Id.* ¶ 7.) Covic asserts that if the taillights of his trailer were illuminated, the trailer was visible to any driver in his rear for a distance of more than 2,000 feet. (*Id.* ¶ 8.) Berk adds that the taillights of Covic's trailer were not illuminated and not visible. (Berk's Resp. to Covic's Statement of Undisputed Fact ¶ 8.) There was retro-reflective taping on the rear of Covic's trailer at the time of the collision. (Covic's Statement of Undisputed Fact ¶ 9.) Therefore, even if the taillights of Covic's trailer were not illuminated, the retro-reflective taping on the rear of Covic's trailer was visible for a distance of 1,500 feet or more to any driver in his rear operating a vehicle with dim headlights. (*Id.* ¶ 10.) Berk responds that Covic's assertion about the visibility of the retro-reflective taping is not a statement of fact but an opinion offered by Covic's opinion witness. (Berk's Resp. to Covic's Statement of Undisputed Fact ¶ 11.)[2] Berk adds that he did not see the reflective tape until it was too late to take any steps to avoid the collision. (*Id.*)

The time needed for an average individual to detect, identify, decide, and respond to a threat in his visual field is 1.5 seconds. (Covic's Statement of Undisputed Fact ¶ 11.) Berk responds that Covic's assertion about the reaction time of an average individual is not a statement of fact but an

---

[2] The numbering of the paragraphs in Berk's responses to Covic's statement of undisputed facts is off by one number, apparently because Berk responded to paragraph 9 in his paragraph 10.

opinion of Covic's opinion witness. (Berk's Resp. to Covic's Statement of Undisputed Fact ¶ 12.) According to Berk, perception and reaction time varies by individual and condition. (*Id.*) Berk adds that he did not have time to take any steps to avoid the collision. (*Id.*) Covic asserts that with a sight distance of at least 1,500 feet, Berk had ample opportunity to change lanes to avoid the collision. (Covic's Statement of Undisputed Fact ¶ 12.) Berk could have also made a controlled stop within 596.94 feet if he was traveling at the 70 mile per hour speed limit. (*Id.* ¶ 13.) According to Covic, Berk could have changed lanes or brought his vehicle to a controlled stop regardless of whether Covic failed to keep his tractor-trailer above the minimum speed limit, maintain a proper look-out, pay proper attention to his driving, or illuminate his tractor trailer. (*Id.* ¶ 14.) Berk disputes these statements, arguing that they are merely the opinion testimony of Covic's opinion witness. (Berk's Resp. to Covic's Statement of Undisputed Fact ¶¶ 13, 14, 15.) Berk denies that he had time to take any steps to avoid the collision. (*Id.*)

Berk has asserted the following additional facts in opposition to Covic's Motion for Summary Judgment. Berk's maroon tractor trailer was traveling at an approximate speed of 61.6 to 64 miles per hour at the time of the accident. (Berk's Statement of Add'l Facts ¶ 1.) Covic's white tractor trailer was traveling at an approximate speed of 34 to 37 miles per hour at the time of the accident. (*Id.* ¶ 2.) Covic admits that Berk was operating his tractor trailer at an approximate speed of 61.6 to 64 miler per hour but denies that he was operating his own tractor trailer at an approximate speed of between 34 and 35 miles per hour. (Covic's Resp. to Berk's Statement of Add'l Facts ¶¶ 1, 2.) According to Covic, he was traveling 55 miles per hour at the time of the collision. (*Id.* ¶ 2.)

Counter-Defendant Omer Covic seeks judgment as a matter of law on Counter-Plaintiff Mike

Berk's counterclaim for negligence in case no. 11-2571 and judgment as a matter of law on Plaintiff Ewelina Grabowska's claim for negligence in case no. 12-2244.  Covic argues that based on the undisputed facts, Covic's conduct was not the cause in fact or the proximate cause of Berk's injuries from the collision of their tractor trailers.  According to Covic, his conduct was not the but for cause of the collision because his "tractor-trailer was plainly visible to Berk regardless of Covic's alleged negligence."[3]  Covic had retro-reflective taping on the rear of his trailer, making the trailer visible for a distance of up to 1,500 feet.  Covic contends that Berk had ample opportunity to change lanes or make a controlled stop to avoid the collision.  Under the circumstances, Covic argues that he is entitled to summary judgment on Berk's claim and on Grabowska's derivative claim for loss of consortium.  Therefore, Covic argues that his Motion for Summary Judgment should be granted.

Berk has responded in opposition.[4]  For purposes of summary judgment, Berk argues that many of the facts on which Covic relies in support of his Motion are actually the opinions of an opinion witness.  Berk contends that at trial the jury may choose to reject any of the opinions of Covic's expert.  As such, the Court should not consider the opinions as material facts for purposes of summary judgment.  Berk further argues that a number of genuine disputes exist about the speed at which Covic was driving, about whether the taillights on his tractor trailer were functioning prior to the collision, and about the visibility of the retro-reflective tape on Covic's trailer.  The Court should reserve these questions, which bear on the issue of causation, for the finder of fact.

---

[3] Berk's Mot. for Summ. J. 9.

[4] Berk has responded in opposition in case no. 11-2571, and Berk and Grabowska have responded in opposition in case no. 12-2244.  Although different attorneys prepared and filed each brief, both memoranda make essentially the same arguments.  Therefore, the Court will consider all of the arguments together and continue to refer to the non-moving parties collectively as "Berk."

Therefore, Berk argues that summary judgment is not proper.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party,[6] and the "judge may not make credibility determinations or weigh the evidence."[7] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[8] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[9] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[10] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action."[11]

---

[5] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[6] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[7] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[8] *Celotex*, 477 U.S. at 324.

[9] *Matsushita*, 475 U.S. at 586.

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[11] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[12]  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[13]

ANALYSIS

The Court holds that genuine issues of material fact remain for trial in this case.  As a result, Berk's Motions for Summary Judgment must be denied.  The parties agree that the Court has jurisdiction over this case by virtue of the parties' diversity of citizenship and that the substantive law of Tennessee applies to the claims at issue.  Under Tennessee law a plaintiff must prove the following elements in order to state a claim of negligence: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause."[14]

Covic specifically seeks summary judgment on the issues of causation in fact and proximate cause.  Under Tennessee law, a plaintiff may prove causation in fact by showing that a defendant's act was a cause of the plaintiff's injury, though not necessarily the sole cause.[15]  Tennessee uses a three-part test to determine proximate cause: (1) the defendant's conduct must have been a

---

[12] *Anderson*, 477 U.S. at 251-52.

[13] *Celotex*, 477 U.S. at 322.

[14] *Morrison v. Allen*, 338 S.W.3d 417, 437 (Tenn. 2011) (citation omitted).

[15] *Wilson v. Americare Sys., Inc.*, — S.W.3d —, 2013 WL 658078, at *5 (Tenn. Feb. 25, 2013) (citing *Hale v. Ostrow*, 166 S.W.3d 713, 716 (Tenn. 2005)).

"substantial factor" in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.[16] It is well-settled under Tennessee law that "cause in fact and proximate cause are ordinarily jury questions, unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome."[17]  "Where the evidence supports more than one reasonable conclusion, causation in fact and proximate causation are issues of fact which should be decided by the jury" and not the Court.[18]

Viewing the evidence in the light most favorable to Berk, the Court holds that genuine issues of material fact exist about whether Covic's acts were the cause in fact and proximate cause of Berk's injuries sustained from the collision.  Covic relies on his expert report that Berk could have avoided the collision by changing lanes or making a controlled stop.  In response to Covic's Rule 56 Motions, Berk has adduced his own affidavit, stating that Covic was operating so slowly that he could not avoid it.[19]  Berk has also adduced an expert report, concluding that Berk was unable to

---

[16] *Wilson*, 2013 WL 658078, at *6 (quoting *Hale*, 166 S.W.3d at 719).

[17] *Wilson*, 2013 WL 658078, at *6 (quoting *Hale*, 166 S.W.3d at 718) (internal brackets and quotation marks omitted); *see also McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Haynes v. Hamilton Cnty.*, 883 S.W.2d 606, 612 (Tenn. 1994); *McClenahan v. Cooley,* 806 S.W.2d 767, 775 (Tenn. 1991); *Pullins v. Fentress Cnty. Gen. Hosp.,* 594 S.W.2d 663, 671 (Tenn. 1979).

[18] *Wilson*, 2013 WL 658078, at *6 (citation omitted).

[19] Berk Aff. ¶ 9 (D.E. # 61-2).

detect the danger under the circumstances.[20]  Covic has not moved to exclude the evidence offered by Berk or shown why the Court should not consider the evidence at summary judgment.  As such, the Court has a duty to evaluate all of the evidence cited and is not free to simply disregard the evidence on which Berk relies.[21]  Moreover, when confronted with competing opinions, "[t]he resolution of conflicting expert testimony is a factual issue that must be reserved for the trier of fact."[22]  Based on the record before the Court, the proof in this case is not "so one-sided that one party must prevail as a matter of law."[23]  Therefore, Covic's Motions for Summary Judgment are **DENIED**.

    **IT IS SO ORDERED.**

                                                      s/ S. Thomas Anderson
                                                      S. THOMAS ANDERSON
                                                      UNITED STATES DISTRICT JUDGE

                                                      Date: May 23, 2013.

---

[20] Bethea Aff. ¶ 7 (D.E. # 61-3) & ex. B, Bethea Report (D.E. # 61-5).

[21] *Phelps v. State Farm Mut. Auto. Ins. Co.*, 680 F.3d 725, 735 (6th Cir. 2012) (citing Fed. R. Civ. P. 56(c)(3)).

[22] *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 85 (Tenn. 2008); *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 578 (6th Cir. 2013).

[23] *Anderson*, 477 U.S. at 251-52.